COOLEY GODWARD LLP
GRANT P. FONDO (181530)
JESSICA VALENZUELA SANTAMARIA (220934)
BRANDON KIMURA (241220)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Plaintiff RICHARD CARRASCO

MELISSA KINIYALOCTS (215814)
Deputy County Counsel
Office of the County Counsel
70 W. Hedding Street
East Wing, 9th Floor
San Jose, CA 95110-1770
Telephone: (408) 299-5937
Fax: (408) 292-7240

Attorneys for Defendants OFFICER CAMPAGNA, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARRASCO,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICER CAMPAGNA, et. al.,<br><br>        Defendants.. | Case No. C 03-4727 SBA (PR)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

**WHEREAS,** the parties, **PLAINTIFF RICHARD CARRASCO** ("**PLAINTIFF**") and **DEFENDANTS OFFICER DAVID CAMPAGNA** and **OFFICER ALEX HOLGUIN** ("**DEFENDANTS**"), desire to establish a mechanism to protect the disclosure of information pursuant to Fed. R. Civ. P. 26(c); which a party or third party regards as being of a confidential nature, the public disclosure of which would cause damage to the disclosing party (hereinafter collectively referred to as "Protected Information");

**IT IS HEREBY STIPULATED** by and between the parties hereto, through their respective

counsel, that the following shall govern the disclosure of Protected Information in this action, subject to the approval of, or as otherwise ordered by, the Court:

**1.** Any information recorded in any form or any portion thereof, constituting trade secrets, personal information, and policies and procedures implicating public safety which, in the good faith opinion of the party or third party providing such information or discovery or to which that information belongs (the "producing party"), and which the producing party regards in good faith as Protected Information may be so designated by the producing party by labeling each such page of each such document or information as "Confidential" or "Confidential – Attorneys Only" as detailed in paragraph 2.

**2.** As used in this Order, the following terms include:

**(a)** The term "CONFIDENTIAL" as used in this order is to include only information that a party reasonably believes and objectively contains confidentially maintained and protected from disclosure including trade secrets or personal information (financial, employment, disciplinary and medical information) or other information implicating public safety.

**(b)** The term "CONFIDENTIAL – ATTORNEYS ONLY" as used in this order is to include only information which the producing party reasonably believes and objectively contains highly sensitive security information or other information that could lead to the harm of another if it becomes known to anyone other than the disclosing party.

**(c)** The term "Protected Information" shall include all terms defined in this paragraph, but shall not include information publicly available.

**3.** Any Protected Information shall not be disclosed to anyone except as provided herein, and shall be used only for the purposes of this litigation.

**4.** In lieu of marking as **CONFIDENTIAL** or **CONFIDENTIAL – ATTORNEYS ONLY**, the original of a document which contains Protected Information prior to inspection, counsel for the producing party may orally designate such documents being produced for inspection as containing Protected Information, thereby making them subject to this Order; however, in the event inspecting counsel requests copies of any such documents, such copies must be marked Confidential or Confidential – Attorney's Only by the producing party in order to make such copies subject to this

COOLEY GODWARD LLP
ATTORNEYS AT LAW

734164 v1/PA

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER RE CONFIDENTIALITY
CASE NO. C-03-4727 SBA (PR)

2.

order.

**5.** Protected Information designated as **CONFIDENTIAL** shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

   **(a)** Counsel for the respective parties;

   **(b)** Paralegal assistants, stenographic and clerical employees working under the direct supervision of counsel identified in Paragraph 5(a) to whom it is necessary to disclose Protected Information for purposes of this litigation, including outside vendors or independent contractors retained by counsel to assist in this litigation;

   **(c)** Plaintiff Richard Carrasco, defendant David Campagna, and defendant Alex Holguin;

   **(d)** The Court and Court personnel;

   **(e)** Any persons involved in recording deposition testimony, including, but not limited to, stenographers and videographers;

   **(f)** Any jury empanelled in this action;

   **(g)** Independent experts or consultants who are not regularly employed by or associated with a party hereto and whose advice is or will be used by a party hereto in connection with preparation for trial or trial of this action, as well as any employees, associates or independent contractors retained by those experts to assist in their work on this matter. Counsel desiring to disclose Protected Information to such experts or consultants shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such expert or consultant and maintain such signed undertaking throughout the course of this litigation.

   **(h)** Any person that originally authored or received the document, or demonstrably gained knowledge of the Protected Information by means that are lawful and do not violate the terms of this Order

   **(i)** Photocopy or document service personnel provided that such persons return all originals and copies of materials containing Protected Information and;

   **(j)** Any other person who is designated as a Qualified Person by order of this

1  Court, after notice to all parties or any such other persons as to whom both parties may agree in writing.

**6.** Protected Information designated as **CONFIDENTIAL – ATTORNEYS ONLY** shall not be given, shown, made available or communicated in any way to any person described in paragraph 5(c) above.

**7.** In the event that counsel for a party deems it necessary to disclose any Protected Information to any person not a Qualified Person, said counsel shall notify counsel for the producing party in writing of the Protected Information to be disclosed, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party seeking to make the disclosure shall move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure, and the disclosure shall not be made until that motion is decided and the Court so orders.

**8.** Nothing in this order shall prohibit a party's counsel from showing a testifying witness or an expert Protected Information during the course of a deposition, hearing, or trial. Prior to being provided access to any Protected Information, all non-party witnesses must execute the undertaking attached hereto as Exhibit "A" or orally agree to its contents on the record during deposition, hearing or trial. Should a witness refuse to execute the undertaking or refuse to orally agree to its contents on the record during a deposition, hearing or trial, the questioning party may disclose the Protected Information without penalty or breach of this protective order, but notwithstanding its disclosure the Protected Information will remain governed by the terms of this protective order.

**9.** Nothing in this order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and in the course thereof, referring to or relying upon his or her examination of Protected Information; *provided, however,* that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content of any Protected Information in violation of the provisions herein.

**10.** Third party discovery in this proceeding may involve disclosure of Protected Information which, if designated in conformity with the provisions of this Order, shall be subject

COOLEY GODWARD LLP
ATTORNEYS AT LAW

734164 v1/PA

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER RE CONFIDENTIALITY
CASE NO. C-03-4727 SBA (PR)

4.

to the provisions herein and provide the non-party with all of the rights and obligations set forth herein.

**11.** In the event that a producing party inadvertently fails to designate Protected Information or incorrectly so designates information, or in the event that any other person or party learns of the disclosure of information it deems to be Protected Information, that party or person may make a late designation or change the designation by so notifying in writing all parties to whom the Protected Information has been disclosed. The receiving parties shall take reasonable steps to ensure that the Protected Information is thereafter treated in accordance with the designation. Reasonably late designation shall not, by itself, be deemed a waiver of the Protected status of the designated information. No person or party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of belated designation.

**12.** Counsel shall not disclose Protected Information to a witness testifying at a deposition except in conformity with the provisions of this Order. However, the sole remedy for disclosure of protected information not in conformity of this order shall be an order requiring that the information be treated as protected information. No such disclosure shall be made to any witness unless that witness is entitled by this Order to receive that Protected Information or the party that produced that Protected Information assents to the disclosure of such Protected Information in writing or on the record of the deposition. If, during the course of any deposition, (a) an attorney of record for any party desires to make inquiry into Protected Information subject to the designation **CONFIDENTIAL** or **CONFIDENTIAL –ATTORNEYS ONLY** or (b) an attorney of record for a party asserts that an answer to a specific inquiry is subject to the foregoing designations, the attorney shall make such inquiry only in the presence of those persons authorized access to such Protected Information. Such testimony shall be sealed, and the parties hereto shall treat it subject to the provision for disclosure set forth herein.

**13.** Testimony or information disclosed at a deposition may be designated by the producing party as Protected Information by indicating on the record at the deposition the specific testimony which contains Protected Information that is to be made subject to the provisions of this Order. All testimony elicited during depositions, hearings, and other proceedings shall be deemed

COOLEY GODWARD LLP
ATTORNEYS AT LAW

734164 v1/PA

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER RE CONFIDENTIALITY
CASE NO. C-03-4727 SBA (PR)

5.

1 **CONFIDENTIAL** or **CONFIDENTIAL - ATTORNEYS ONLY** until the expiration of 15 days after delivery of a copy of the transcript of the testimony by the court reporter to counsel who requested a copy of the transcript. This paragraph will not otherwise affect the deposition, hearing or other proceeding that is being recorded while it is in session. Within the 15 day period following delivery of the transcript, any party may, by written notice served on all parties, designate all or any portion of the testimony to be **CONFIDENTIAL** or **CONFIDENTIAL – ATTORNEYS ONLY**. The right to make such designation shall be waived unless made before the end of the 15 day period. Upon being informed that certain portions of a transcript are designated as **CONFIDENTIAL** or **CONFIDENTIAL – ATTORNEYS ONLY**, each party must cause each copy in their custody, possession or control to be so marked immediately.

**14.** Interrogatory answers and answers to requests for admissions designated as Protected Information shall be delivered to the attorney of record propounding the interrogatories or requests without being filed with the Court unless required in any further proceedings herein. When documents so designated and/or other matters of the same or similar nature are the subject of inquiry at depositions, the portion of the transcript which sets forth or contains Protected Information, together with such documents, shall be sealed and shall not be filed with the Court unless required in any further proceedings herein.

**15.** No Protected Information will be filed with the Court by the receiving party unless it is filed under seal. A party seeking to file Protected information with the court shall make every effort required under the Federal Rules of Civil Procedure and the applicable local rules to file that information under seal. Protected Information must be filed in sealed containers labeled with: (1) the title to this action; (2) the general nature of the contents; (3) the words **CONFIDENTIAL** or **CONFIDENTIAL – ATTORNEYS ONLY;** and (4) a statement substantially in the following form:

> **CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**. This sealed container filed in this case, *Richard Carrasco v. Officer Campagna, et. al.*, United States District Court, Northern District of California Case No. C 03-4727 SBA (PR), contains confidential materials, which may be used only in connection with the prosecution or defense of this lawsuit. Pursuant to Stipulated Protective Order, the container shall not be opened nor the contents thereof revealed except to the Court. After any such opening or revelation, the container shall be resealed with the contents inside.

Case 4:03-cv-04727-SBA Document 177 Filed 09/25/2006 Page 7 of 10

**16.** The designation by counsel for the disclosing party of any Protected Information is intended solely to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any Protected Information in contemplation of law. This Order shall not be construed as a waiver by the parties hereto of any objection which might be raised as to the admissibility of any evidentiary material.

**17.** Each party agrees that designation of Protected Information and responses to requests to permit further disclosure of Protected Information shall be made in good faith and not (1) to impose burden or delay on an opposing party, or (2) for tactical or other advantage in litigation.

**18.** The protection afforded by this Order shall in no way affect a party's or non-party's right to withhold documents as privileged under the attorney-client or other privilege or as otherwise exempted from discovery under Rule 26.

**19.** Within sixty (60) days of the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement or otherwise, each attorney of record shall promptly deliver to the party or witness from whom obtained either (1) all items which have been marked Protected and all copies made thereof or, at the election of the producing party, (2) an affidavit sworn under penalty of perjury declaring that all such items and all copies thereof have been destroyed. However, the law firm of each attorney of record may retain record copies of any items filed with the Court, as well as correspondence, pleadings and all exhibits thereto, including motions, discovery documents, and deposition transcripts subject to the terms of this Order.

**20.** Upon the conclusion of this litigation and either (i) the expiration of the time to file a notice of appeal, if no appeal is filed, or (ii) if an appeal was filed, the filing of the mandate or final order from the Court of Appeals if the case is not reopened is a result of the terms of the mandate or order, all Protected Information field under seal with the Court shall be returned to the party that filed it, provided that if the person to whom it is to be returned fails to remove the Protected Information after notice, it shall be destroyed to the extent allowed under the Local Civil

COOLEY GODWARD LLP
ATTORNEYS AT LAW

734164 v1/PA

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER RE CONFIDENTIALITY
CASE NO. C-03-4727 SBA (PR)

7.

Rules of this Court.

**21.** A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude any subsequent challenge. If a party desires to object to the designation of Protected Information, it shall serve the designating party a list of the information it deems not properly designated as Protected Information (the "Contested Information"). The designating party shall then have 15 days to file a motion for protective order moving the court to have the contested information designated as Protected Information under the terms of this protective order. Failure to file a motion for protective order as to any of the "Contested Information" within 15 days shall render that information not Protected Information.

**22.** Nothing herein shall prevent disclosure beyond the term of this Order if the party designating the Protected Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. If a recipient of Protected Information is requested to produce such Protected Information by subpoena, the receiving party shall immediately notify counsel for the producing party by facsimile, and the receiving party shall not disclose any such Protected Information to a third party without providing the producing party a reasonable period of time to object to such disclosure prior to disclosing the subpoenaed information.

**23.** In the event anyone shall violate, or threaten to violate, any terms of this Order, the parties hereto agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person, and in the event the aggrieved party shall do so, the respondent person, subject to the provisions of this Order, shall not employ as a defense thereto or claim that the aggrieved party possesses an adequate remedy at law. Each person to whom disclosure of any Protected Information is made agrees to subject himself/herself to the jurisdiction of this Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

**24.** This Protective Order shall remain in force and effect indefinitely until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of

the parties hereto. This Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Protected Information is disclosed hereunder.

**25.** The parties may provide by stipulation for exceptions to this Order, and any party may seek an Order of this Court modifying this Protective Order. This Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown, from any of the restrictions provided herein or to impose additional restrictions on the disclosure of any Protected Information or material produced.

DATED: September 11, 2006

DATED: September 8, 2006

Grant P. Fondo, Esq. (181530)
Cooley Godward LLP
Five Palo Alto Square, 3000 El Camino Real
Palo Alto, CA 94306

Melissa Kiniyalocts (212854)
Deputy County Counsel
Office of the County Counsel
70 West Hedding Street
9th Floor
San Jose, CA 95110-1770

_/s/ Grant Fondo_
*Counsel for Plaintiff*

_/s/ Melissa Kiniyalocts_
*Counsel for Defendants*

THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.

DATED: 10/4/06

IT IS SO ORDERED
Judge Edward M. Chen

Armstrong
Court Judge

734164 v1/PA

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIALITY**
**CASE NO. C-03-4727 SBA (PR)**

9.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

EXHIBIT A
<u>CERTIFICATION</u>

I hereby acknowledge that I have read the Protective Order Regarding Confidentiality entered in the case entitled *Carrasco v. Officer Campagna, et al.* in the District Court for the Northern District of California, Case Number C 03-4727 SBA (pr) (hereinafter "Order"), and I acknowledge and declare that I understand the terms thereof, and that I agree to be bound by the terms thereof. I further agree that I will not at any time use or disclose "Protected information," as that term is defined in the Order, received by me in the course of this lawsuit that is subject to the Order, except for purposes of this lawsuit or as may be required by the Court or counsel for a party to this lawsuit.

Dated: _____

_____
[Print Full Name]

_____
[Signature]

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

734164 v1/PA                               1.