UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R.C. CARRASCO, | No. C-03-4727 SBA (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF DECEMBER 22, 2006** |
| OFFICER CAMPAGNA, *et al.*, | |
| Defendants. | **(Docket No. 78)** |
| _____/ | |

On December 22, 2006, the parties filed a joint letter regarding two discovery disputes. Having considered the joint letter and accompanying submissions, as well as the supplemental materials provided by the parties, the Court hereby rules as follows

A. <u>Financial Information</u>

Plaintiff Richard Carrasco seeks discovery related to the financial condition of Defendants. This information, while not the sole factor, is probative of the amount of punitive damages that should be awarded. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) ("[E]vidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded . . . ."). Therefore, under Federal Rule of Civil Procedure 26(b)(1), the information is relevant and discoverable. *See* Fed. R. Civ. P. 26(b)(1) (allowing for discovery of any matter, not privileged, relevant to claim or defense of any party).

Defendants do not dispute the relevance of the information. They argue, however, that, under California law, *see* Cal. Civ. Code § 3295(c), a plaintiff seeking punitive damages must establish that it is very likely that he will prevail on his claim for punitive damages before he can

obtain discovery on the financial condition of a defendant.  The Court does not find this argument persuasive.  There is federal jurisdiction in this case because Mr. Carrasco has raised a federal claim under 42 U.S.C. § 1983.  For a federal claim in federal court, federal law applies, not state.  The majority of federal courts permit discovery of a defendant's financial condition *without* requiring the plaintiff to make a prima facie showing on the issue of punitive damages.  *See* 6-26 Moore's Fed. Practice -- Civ. § 26.41 (taking note of position of majority of federal courts); *United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) (same); *Christy v. Ashkin*, 972 F. Supp. 253, 253 (D. Vt. 1997) (same); *CEH, Inc. v. FV "Seafarer"*, 153 F.R.D. 491, 498 (D.R.I. 1994) (same); *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990) (same).  Although Mr. Carrasco has raised some state claims as well, over which there is supplemental jurisdiction, "discovery is a procedural matter governed in the federal courts by the Federal Rules of Civil Procedure.  Thus, state discovery practices are usually irrelevant." *CEH*, 153 F.R.D. at 498; *see also Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 285 (C.D. Cal. 1998) (finding that § 3295(c) "is clearly a procedural law"); 6-26 Moore's Fed. Prac. -- Civ. § 26.41 (taking note of state statutes similar to § 3295 and commenting that "[i]t is doubtful that these type of provisions are binding on a federal court, even when its subject matter jurisdiction rests on diversity of citizenship").

Accordingly, the Court concludes that Mr. Carrasco may obtain discovery related to the financial condition of Defendants.  Defendants may designate such discovery "attorney's eyes only" under the protective order in place in this case.

B.   Interviews

Mr. Carrasco has served discovery on Defendants seeking any recordings or transcripts of certain nonparty witness interviews conducted by a Santa Clara County investigator.  Defendants argue that the recordings or transcripts are protected by the work product privilege.  Mr. Carrasco argues that the privilege does not apply or that, at most, it protects only the questions posed to the witnesses and not the answers themselves.

Some courts have concluded that recordings or transcripts are not protected by the work product privilege at all or have indicated that, at best, only the questions are protected but not the

answers. *See, e.g.*, *Gray v. Oracle Corp.*, 2:05-CV-534 TS, 2006 U.S. Dist. LEXIS 33439, at *5-6 (D. Utah May 24, 2006) ("find[ing] no error in the Magistrate Judge's finding that the tape recordings are not work product" because "[s]uch verbatim tapes do not involve the absolutely protected kind of work product -- 'mental impressions, opinions, or legal theories of an attorney' -- within the meaning of Rule 26(b)(3)"); *Frank v. L.L. Bean, Inc.*, No. 04-221-P-S, 2005 U.S. Dist. LEXIS 19722, at *2-3, 6 (D. Me., Jan. 9, 2006) (holding that counsel's decision to produce transcript of witness interview -- with questions posed to witness redacted -- was appropriate; noting that "[f]orcing the plaintiff to disclose the specific questions asked by her counsel during the interview would unnecessarily undermine the adversary process and is largely unnecessary because an un-redacted transcript of the interview will eventually have to be made available to [the witness], L.L. Bean and their counsel if and when the document is used at trial to refresh [the witness's] recollection or to cross-examine him"); *cf. In re Student Finance Corp.*, No. 02-11620-JBR, 2006 U.S. Dist. LEXIS 86603, at *45 (E.D. Pa. Nov. 29, 2006) ("Scripts of questions to be used in interviewing witnesses are core attorney work product, reflecting legal strategy and decision-making concerning the important areas of inquiry with particular types of witnesses. As they concern only the questions to be posed to witnesses and not the answers, they have little or no relevance to any issues in the adversary action and need not be produced."); *Sanchez v. Matta*, 229 F.R.D. 649, 659 (D.N.M. 2004) ("Questions asking for the content of the questions posed to interviewees, for the organization of those questions, for follow-up questions posed, . . . or for similar questions would be improper as a violation of the privilege.").

   Other courts have held that tape recordings or transcripts are protected, to a varying degree, some finding a qualified privilege which may be overcome by a showing of undue hardship and substantial need. *See, e.g.*, *Garcia v. City of El Centro*, 214 F.R.D. 587, 594 (S.D. Cal. 2003) (concluding that a recorded witness statement was protected); *McIntyre v. Main St. & Main Inc.*, No. C-99-5328 MJJ (EDL), 2000 U.S. Dist. LEXIS 19617, at *6-7 (N.D. Cal. Sept. 29, 2000) (acknowledging that whether tapes of interviews with percipient witnesses are protected is a "closer question" but noting that "[d]ecisions of lower courts do tend to support defendant's argument, however, that the tapes may receive at least qualified protection, assuming that the interviews were

conducted by counsel"); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 190 F.R.D. 532, 539 (S.D. Ind. 1999) ("Goodyear is asking for documents containing recorded or summarized statements of potential witnesses whom Goodyear itself could have contacted and interviewed. This requested information is classic work product under the Supreme Court's landmark decision in Hickman."); *Jones v. Ada S. McKinley Community Services*, 1989 U.S. Dist. LEXIS 14312, at *7 (N.D. Ill. Nov. 28, 1989) (concluding that "[t]he plaintiffs' counsel's tape recordings qualify as work product" but adding that, "because they are not recordings of the mental impressions or trial strategy of counsel, these recordings are not absolutely immune from discovery"; adding that "[i]t is unlikely that [counsel] developed and recorded trial strategy while interviewing these individuals" and that "[i]t is also unlikely that he shared with these witnesses his mental impressions of their testimony and demeanor"); *see also Martin v. Office of Special Counsel, Merit Systems Protection Bd.*, 819 F.2d 1181, 1183, 1187 (D.C. Cir. 1987) (concluding that attorney notes, which the district court characterized as merely shorthand versions of the comments of witnesses, were protected by the work product privilege).

The Court finds itself in accord with cases finding records of witness interview protected but subject to a qualified, not absolute, privilege.[1] Accordingly, the recordings or transcripts at issue in the case meet the requirements of work product under Rule 26(b)(3) and are therefore protected unless Mr. Carrasco can demonstrate undue hardship and substantial need.

Mr. Carrasco has not demonstrated either undue hardship or substantial need. As noted by Defendants, Mr. Carrasco either deposed or had the opportunity to depose the witnesses at issue. Moreover, if the recordings or transcripts are used by Defendants to refresh a witness's recollection or to impeach as a prior inconsistent statement, that information will likely be made available to Mr. Carrasco. *Cf. Frank*, 2005 U.S. Dist. LEXIS 19722, at *6 (noting that "[f]orcing the plaintiff to disclose the specific questions asked by her counsel during the interview would unnecessarily undermine the adversary process and is largely unnecessary because an un-redacted transcript of the

---

[1] The more absolute work product privilege is not applicable as it is unlikely that the investigator shared with the witnesses his mental impressions, conclusions, opinions, or legal theories, and Defendants have not made any such assertion.

4

1  interview will eventually have to be made available to [the witness], L.L. Bean and their counsel if
2  and when the document is used at trial to refresh [the witness's] recollection or to cross-examine
3  him").

4     Mr. Carrasco's contends still that, at best, only the questions would be protected and not the
5  answers.  This argument is not convincing.  In all likelihood, a witness's answer would shed light on
6  what questions were asked.

7     The only remaining question therefore is whether the work product privilege was waived.
8  According to Mr. Carrasco, "Defendants[] waived any such protection when they failed to object at
9  the [witnesses'] depositions where, when asked by Plaintiff's counsel, the [witnesses] testified (as
10 best they could recall) as to what was asked [by the investigator] and their response."  Joint letter at
11 2.  This waiver argument applies to only two of the three witnesses at issue because only two were
12 actually deposed (*i.e.*, Tuyen Tran and John Cahill).

13     Having reviewed the deposition excerpts provided by the parties, the Court concludes that
14 the work product privilege was waived, at least with respect to the recordings or transcripts of the
15 Tran and Cahill interviews.  As Mr. Carrasco argues, during their depositions, Mr. Tran and Mr.
16 Cahill were specifically asked what was discussed with the investigator, no objections were made,
17 and each witness provided a substantive answer(s).  *See Board of Trs. of the Leland Stanford Junior*
18 *Univ. v. Roche Molecular Systems, Inc.*, 237 F.R.D. 618, 623 n.3 (N.D. Cal. 2006) ("[I]n cases
19 where the voluntary disclosure of attorney work product to an adversary or third party substantially
20 increases the possibility of an opposing party obtaining the information, this would 'defeat the
21 policy underlying the privilege.'"); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576
22 (9th Cir. 1992) ("The primary purpose of the work product rule is to 'prevent exploitation of a
23 party's efforts in preparing for litigation.'").  The Court acknowledges that Mr. Cahill's answer was
24 more truncated than Mr. Tran's -- in fact, was quite brief, possibly cut off by counsel for Mr.
25 Carrasco.  Nevertheless, the failure of counsel for Defendants to object and the disclosure of a
26 sufficiently substantive answer defeat the policy underlying the privilege -- *i.e.*, to prevent
27 exploitation of a party's efforts in preparing for litigation -- and therefore the privilege itself.  The
28 fact that only a qualified privilege is waived mitigates the prejudice therefrom.

Accordingly, the Court orders that Defendants produce within a week of this order the recordings or transcripts of the Tran and Cahill interviews that were conducted by the County investigator.

IT IS SO ORDERED.

Dated: January 9, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge